UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anna Ruth Neal, | ) | C/A no. 9:06-2056-PMD-RSC |
| Plaintiff, | ) | |
| vs. | ) | Order |
| Azalea Motors, LLC; | ) | |
| Investigator NFN Crenshaw; | ) | |
| Anderson Body Shop LLC; | ) | |
| G.S. Jarrett, individually and d/b/a State Recovery Service; and | ) | |
| AAA Debt Recovery, Inc., | ) | |
| Defendant(s). | ) | |

This is a civil action filed by a *pro se* litigant. The case is before the Court for review of a recently filed Motion to Dismiss submitted on behalf of Defendant Anderson Body Shop LLC. (Entry 18). The Motion is signed by a person named "Adam Anderson" and underneath the signature is typed "Andersons Body Shop, LLC By: Adam Anderson, Member, Defendant." No Federal Bar number or South Carolina Bar number is provided for Adam Anderson, thus indicating that he is not a licensed attorney, but, rather, is attempting to defend the case on behalf of Defendant Anderson Body Shop LLC *pro se*.[1]

It is settled that corporations, partnerships, unincorporated associations, or estates may not be represented in court actions by individual *pro se* litigants such as Mr. Adam Anderson. *See, e.g.*, First Hartford Corporation Pension Plan and Trust, 194 F.3d 1279, 1290 (Fed. Cir. 1999)(*pro se* actions by non-attorneys on behalf of corporations "fail for lack of standing"); Pridgen v. Andresen, 113 F.3d 391, 392-93 (2d Cir. 1997)(*pro se* litigant may not represent corporation, estate, partnership, or "his or her minor child"). In Pridgen, the Second Circuit Court

---

[1] *"Pro se"* literally means, "for one's own behalf" – in this case, a person who does not retain a lawyer and appears for him/herself in court.

of Appeals noted that such limits on *pro se* representation "serve the interests of the represented party as well as the interests of adversaries and the court." Furthermore, the District Court for the Southern District of New York has stated:

> It has uniformly been held by the Second Circuit and all of the other circuits that the provisions of 28 U.S.C. § 1654 . . . prohibit a non-attorney individual from representing a corporation in the federal courts.
>
> . . . .
>
> Under the weight of this authority, [the *pro se* litigant] quite plainly cannot represent the interests of the plaintiff in this Court, even though he is the corporation's sole shareholder. This consequence might puzzle [the *pro se* litigant] who undoubtedly believes that he can fairly and effectively advance the interests of his company in this litigation. But sound reasons exist for this rule. The interests of a corporation and its principal frequently overlap but are not identical in all respects. Thus, requiring separate counsel for a corporation works as an independent safeguard of its interests. Moreover, the Second Circuit has explained that the reasons for requiring a corporate litigant to have legal representation include
>
>> principally that the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities[.]

Batac Dev. Corp., 2000 WL at 307400 at *1-*2 (quoting from Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) (internal citations omitted); *see also* Coda pro Corp. v. Wilson, 997 F. Supp. 322, 326-27 (E.D. N.Y. 1998)("A corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*.").

If Defendant Anderson Body Shop LLC intends to pursue a Motion to Dismiss or to file any other type of pleading or litigation-related documents in this case, such motion, pleading or document must be submitted on the company's behalf by a licensed attorney who is admitted to this Court's bar or who has formally obtained permission to appear *pro*

2

*hac vice* in this Court, and who has entered an appearance on behalf of the company in this case. Because a *pro se* litigant like Mr. Anderson may not represent a corporation before this Court, the undersigned magistrate will not require Plaintiff to respond to the Motion, and the Motion to Dismiss as submitted (Entry 18) shall be deemed moot due to improper filing.

**IT IS SO ORDERED.**

Robert S. Carr
United States Magistrate Judge

September 13, 2006
Charleston, South Carolina

3